The Honorable Ode Maddox State Representative P.O. Box 128 Oden, Arkansas 71961
Dear Representative Maddox:
This is in response to your request for an opinion concerning military service credit under the Arkansas Teacher Retirement System. Specifically, you have asked whether the purchase, by a member, or credited service under Act 573 of 1973 precludes free military service credit under Act 427 of 1973, as amended by Act 619 of 1983. For the reasons that follow, the answer to your question is no.
The two relevant Code provisions Representative codified at A.C.A.24-2-502 and 24-7-602 (Supp. 1987). The former provides in pertinent part:
 (a) Any person who is or was a member of a state-supported retirement system in this state and who is not receiving benefits under the system on July 9, 1975, shall be entitled to purchase credited service in the system for a period not to exceed three (3) years for service rendered by the member in the Armed Forces of the United States prior to the member's employment in a position covered by a state-supported retirement system . . . [qualifications omitted].
* * *
 (c) The provisions of this section shall be supplemental to any other laws relating to state-supported retirement systems in this state. Nothing in this section shall be construed to repeal or modify any existing provisions of any state-supported retirement system law providing for credited service in the system for military service, nor to diminish the right of any member of a state-supported retirement system to obtain credited service in the system for military service under the provisions of existing laws; but in no event shall any member of a state-supported retirement system be entitled to or receive in excess of five (5) years of credited service for military service rendered by the member.
 (d) When the applicant can obtain military service credit under this section and also under other laws relating to state-supported retirement systems in this state, then service credit shall be granted under the provisions of the laws in chronological order beginning with the earliest law; however, the laws may not be used to allow duplicate service credit.
It is clear from this provision that a member may purchase credited service and receive free military service credit under other existing laws, as long as the total military service credit does not exceed five years. This conclusion is consistent with A.C.A. 24-7-602 (Supp. 1987), which provides in pertinent part:
 (e) A person who entered the armed forces and who was not an active member at the time of the entry shall have the armed service actually required of him credited as service under this subchapter. . . . [Conditions omitted].
* * *
 (d) In no event shall a person be credited with a total of more than five (5) years of armed service.
If an individual has purchased three years of credited military service under 24-2-502, the maximum service credit he would be entitled to under 24-7-602 is two years. You have indicated in your correspondence that the member with whom we are concerned has entered into an agreement to purchase three years of military service, but has only made the initial payment. You have also indicated that the agreement contains a provision stating: "A contract for repayment of refund and/or purchase of back contributions as scheduled exists upon acceptance of initial payment." Your letter also indicates that the member served roughly three years and ten months of active duty. Ideally, to maximize benefits under the system and assuming that the member meets all the qualifications and conditions, the member should receive three years and ten months of free credited service under24-7-602, rather than purchasing three years of service and thereby being eligible to receive only ten months of free credited service under 24-7-602.
Presumably, your remaining questions is whether the member may now rescind the purchase agreement in order to maximize his benefits. Resolution of this question may not be reached without reference to all the relevant documents surrounding the agreement. If rescission or modification of the contract cannot be reached by agreement of the parties, it is the proper function of a court to interpret the documents and reach a decision. The member may be helped, however, by A.C.A. 24-2-502(d), which provides for credit to be given chronologically by law. Because 24-7-602, providing free credited service, is the earlier law (passed in 1973, and amended thereafter), it should be applied first, granting the member 3 years and ten months of free credited service. It is my opinion, therefore, that proper application of the laws would reach such a result.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.